**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

RENEE CARLSON,

          Defendant.

No. CR01-4074-MWB

**MEMORANDUM OPINION AND**
**ORDER REGARDING**
**DEFENDANT'S MOTION UNDER 28**
**U.S.C. § 2255 TO VACATE, SET**
**ASIDE OR CORRECT SENTENCE**

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges, Conviction, And Sentencing* . . . . . . . . . . . . . . . . . . . . 2
    *B. The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . . . 5

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 6
        *1. Relief on the merits of the claims* . . . . . . . . . . . . . . . . . . . 6
        *2. Entitlement to an evidentiary hearing* . . . . . . . . . . . . . . . . 8
    *B. Voluntariness Of Carlson's Plea* . . . . . . . . . . . . . . . . . . . . . . . 9
    *C. Failure To Disclose Evidence* . . . . . . . . . . . . . . . . . . . . . . . . 12
    *D. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 12
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        *2. The "ineffective assistance" at issue here* . . . . . . . . . . . . . 15
            *a. Failure to prepare Carlson for her guilty plea* . . . . . 15
            *b. Failure to be issued* **Miranda** *warnings* . . . . . . . . . 16
            *c. Failure to advise of right to appeal* . . . . . . . . . . . . 16
    *E. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 17

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

This matter comes before the court pursuant to defendant Renee Carlson's July 7, 2003, *pro se* Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 114). In her motion, Carlson seeks relief from her sentence to 120 months of imprisonment on a charge of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, based on her allegations that her guilty plea was not entered into knowingly and voluntarily and that her counsel was ineffective in numerous aspects. The court is now ready to make a determination on the merits of the defendant's motion.

## I. INTRODUCTION

### A. Charges, Conviction, And Sentencing

In an Indictment handed down on August 23, 2001, defendant Carlson was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. Thereafter, on March 1, 2002, Carlson pleaded guilty to the charge before United States Magistrate Judge Paul A. Zoss.[1] During the plea hearing, Judge Zoss placed the defendant under oath. He informed the defendant, in open court as follows:

> You're now under oath, and you should answer my questions truthfully because if you do not, you could be prosecuted for perjury or for making false statements under oath in court. But also if you can't answer these questions truthfully you probably shouldn't be pleading guilty.

---

[1]Carlson's plea was taken simultaneously with her husband's plea, who was charged in the same matter. However, Judge Zoss posed his questions to each defendant separately and elicited separate responses. Accordingly, this opinion only refers to the parts of the plea hearing in which Renee Carlson's plea was at issue.

> Understand that although you said you want to plead guilty, although you've come to court here today to plead guilty, you haven't done that yet. And you can change your mind. As we go through this hearing and in this proceeding, if you do change your mind, if you suddenly decide, hey, this is not what I want to do, just let me know, and we'll promptly adjourn the plea hearing for whoever says that and get your case scheduled for trial again.

Unedited Real Time Transcript of Plea Hearing, at 2-4. Carlson acknowledged that she understood and indicated she would let Judge Zoss know if, at anytime, she decided she did not wish to plead guilty or continue with the proceeding. *Id*. at 5. Judge Zoss then asked a number of questions to ensure Carlson's mental capacity. *Id*. at 7-10. From this extensive inquiry, Judge Zoss determined Carlson was not suffering from any mental disability that would impair her ability to make a knowing, intelligent and voluntary plea of guilty to the charge against her. *Id*. at 10. Judge Zoss then proceeded with the plea hearing by reading the Indictment. *Id*. at 10-11. Carlson acknowledged she had fully discussed the charge with her attorney and stated she understood the charge. *Id*. at 11. Judge Zoss then summarized the charge against Carlson, and listed the elements of the crime. *Id*. at 13-20. Carlson, still under oath, indicated she understood each and every element the government would be required to prove at trial and readily admitted to her involvement in the conspiracy. *Id*. Accordingly, Judge Zoss determined a factual basis for her plea existed. *Id*. at 20.

Next, Judge Zoss advised Carlson of the consequences of her plea, including the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment and the possibility that restitution could be ordered. *Id*. at 21-22. She was also advised that she would have to pay a $100 special assessment. *Id*. Further, Carlson was advised that after her plea was accepted, she would have no right to withdraw the plea

at a later date, even if the sentence imposed or the United States Sentencing Guidelines were applied other than she or her counsel had anticipated. *Id.* at 27. Specifically, Judge Zoss stated:

> You should understand that if you plead guilty here today the issue of whether you're guilty or not is over with. You can't plead guilty and then go to the sentencing hearing and argue you're not really guilty. You can submit evidence on sentencing issues, but that's all. You won't be able to argue that you're not guilty. If you plead guilty here today, the issue of your guilt will be over with, and you won't be able to withdraw your plea because you don't like what happens at the sentencing hearing. You'll be stuck with your plea of guilty. So don't plead guilty unless you're absolutely certain it's what you want to do.

*Id.* Carlson indicated she understood all of the above consequences. *See id.* Finally, after advising Carlson that she would be giving up her right to trial by jury by pleading guilty, Judge Zoss engaged the defendant in the following series of questions:

| THE COURT: | Mrs. Carlson, did anybody promise you anything to get you to plead guilty? |
| CARLSON: | No, sir. |
| THE COURT: | Did anyone promise you what your sentence will be? |
| CARLSON: | No, sir. |
| THE COURT: | Is your decision to plead guilty the result of any threats, force, or pressure? |
| CARLSON: | No, sir. |

*Id.* at 41. Following this line of questioning, Carlson stated she still wished to plead guilty and entered her plea accordingly. *Id.* at 43.

Following the plea hearing, Judge Zoss issued a Report and Recommendation recommending acceptance of Carlson's guilty plea, on March 1, 2002. On March 29, 2002, the undersigned accepted Judge Zoss's Report and Recommendation, to which no

objections had been filed. At a sentencing hearing held May 28, 2002, the undersigned sentenced Carlson to 120 months of imprisonment. After pronouncing sentence, the undersigned informed Carlson of her right to appeal the sentence. Specifically, Carlson was advised as follows:

> You have a right to appeal the sentence that I've imposed. If you decide to appeal, you need to file a notice of appeal with the clerk of our court within ten days from today's date. If you can't afford to pay for a lawyer or pay for the costs of an appeal, those costs will be paid on your behalf.

Unedited Real Time Sentencing Transcript, at 3. Carlson did not file an appeal, and instead, chose to file the current motion pending before the court.


## B. The Motion To Vacate Sentence

On July 7, 2003, Carlson filed a *pro se* Motion To Vacate, Set Aside, Or Correct Sentence (Doc. No. 114). Carlson did not submit a corresponding brief. In Carlson's Motion Under 28 U.S.C. § 2255, she asserted the following grounds for relief: (1) she was induced into pleading guilty by her attorney; (2) she was coerced to say things against herself that led to self-incrimination; (3) the prosecution failed to disclose the evidence against her; and (4) ineffective assistance of counsel based on her attorney's coercive efforts that induced her to plead guilty, his failure to inform her of her right to appeal, and his failure to ensure she was issued her *Miranda* rights. Unfortunately, following the filing of her Motion Under 28 U.S.C. § 2255, this matter languished while this court was involved in the resolution of two complicated federal death penalty cases, which required extensive written rulings on numerous issues pre-trial, during trial, and post-trial. However, the court has now returned its attention to matters that were put on hold while

the court cleared its docket of criminal trials with speedy trial deadlines and other more urgent matters, and the court will now consider the merits of Carlson's claims.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

#### 1. Relief on the merits of the claims

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71

> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)), *cert. denied*, 534 U.S. 1097 (2002). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence

where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

## 2. *Entitlement to an evidentiary hearing*

As the Eighth Circuit Court of Appeals recently explained,

> A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001). "That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." *Id.* Therefore, in order to determine if [a movant under § 2255] is entitled to remand for an evidentiary hearing, we must consider the validity of his [claim for § 2255 relief]. *Id.*

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005). More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary, [but] [a]bsent such clarity, an evidentiary hearing is required." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). At the evidentiary hearing, if one is required, the defendant must establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *accord Latorre*, 193 F.3d at 1038 (quoting this standard from *Bousley*).

In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Carlson] is entitled to no relief" on any of her claims, as the court will explain in more detail below. 28 U.S.C. § 2255; *Ledezma-Rodriguez*, 423 F.3d at 835-36.

### B. Voluntariness Of Carlson's Plea

The first two of Carlson's claims are primarily attacks on the voluntariness of her plea. At the outset, it is important to note that these claims are likely precluded from § 2255 review by virtue of the fact Carlson failed to raise these claims on direct appeal. *See Ramey*, 8 F.3d at 1314 (noting that Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice). However, because she attacks the voluntariness of her plea, the court will

proceed to address the merits of Carlson's claims. *See id.* (noting that § 2255 relief may be available where the alleged errors were fundamental defects resulting in a complete miscarriage of justice).

Without doubt, to be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). The Eighth Circuit Court of Appeals has recognized that a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). At the same time, a defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Moreover, allegations that counsel misled a defendant into accepting a plea agreement are insufficient to justify withdrawal of the defendant's guilty plea as involuntary, where the court correctly informed the defendant during the plea hearing. *See United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (*per curiam*) (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the defendant of the maximum possible sentence).

Carlson claims first that her plea was the product of coercion. She next claims she was forced to incriminate herself, presumably by admitting to her involvement in the conspiracy during her plea hearing. The record plainly does not support either of Carlson's claims. First, Carlson was repeatedly advised during the plea hearing that she had a right to stop the plea proceedings and proceed to trial if she decided she no longer wished to enter a plea of guilty to the charge in the Indictment. She was further advised

that she should not lie while under oath, and that if she felt she had to lie to plead guilty that she should not be entering such a plea. Carlson indicated her understanding of these facts on the record and there is no evidence of any remotely coercive statements made by the court or her attorney. Despite the court's admonitions about the consequences of pleading guilty, the record indicates Carlson wished to proceed with her guilty plea. Moreover, Judge Zoss questioned Carlson directly regarding whether her plea was the product of undue threats, force or pressure, to which Carlson stated it was not. Thus, the record unequivocally demonstrates her plea was voluntary. Had Carlson's attorney "coerced" her to plead guilty, as she contends in her motion, Carlson had every opportunity during her plea hearing to indicate as such. She did not and, instead, chose to admit to each and every element of the offense and supplied the court with a factual basis for plea, all while under oath. *See Nguyen*, 114 F.3d at 703 (representations by a defendant at a plea-taking carry a strong presumption of verity). For these reasons, the court finds Carlson's plea was entered into voluntarily.

In addition, with respect to her second contention, it is obvious Carlson misinterprets the scope of her right to not incriminate herself. By virtue of her decision to plead guilty, Carlson voluntarily waived this privilege with respect to the criminal conduct alleged in the Indictment. *See Parke v. Raley*, 506 U.S. 20, 29 (1992) ("[A] guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.") (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Carlson does not contend she was forced to admit to other, unrelated criminal conduct outside the scope of the plea hearing and she can point to no *involuntary* statements that were subsequently used against her, outside of the context of her guilty plea. Consequently, she is entitled to no relief on either of her

claims because her plea was clearly voluntary, as discussed above, and her claim for relief, with respect to these grounds, is hereby **denied**.

### C. Failure To Disclose Evidence

The defendant next contends the government failed to disclose the evidence against her because she never personally viewed the evidence. This contention is wholly without merit. First, and foremost, Carlson gave up the right to be shown the evidence against her when she decided to plead guilty and forego trial. *See id*. The court adequately explained this fact to the defendant during the plea hearing. Furthermore, based on a reading of the plea hearing transcript, it is clear the discovery file was available for perusal to Carlson's counsel. This is all that is required of the government. The fact that the defendant did not personally view the file is of no consequence. Accordingly, the defendant's contention on this ground is also **denied**.

### D. Ineffective Assistance Of Counsel

Finally, Carlson alleges her attorney was ineffective in numerous respects. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United

States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Carlson is entitled to relief on her § 2255 motion on this ground turns on whether or not she can satisfy the standards applicable to her "ineffective assistance" claims.

### 1. *Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating

that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove

prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. The "ineffective assistance" at issue here

### a. Failure to prepare Carlson for her guilty plea

Carlson alleges, first, that her counsel was ineffective in preparing her for her guilty plea and that, as a result, her guilty plea was not knowing and voluntary. In support of this contention, Carlson contends that all her counsel did was coerce her into pleading guilty. However, Carlson does not allege how she was "coerced" or relay any specific statements indicative of coercion allegedly made by her attorney. Although this claim is vague and lacking in evidentiary support, the court will proceed to briefly address the merits of Carlson's contentions.

As mentioned previously, to be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). However, allegations that counsel misled a defendant into accepting a plea agreement by misleading the defendant about the consequences of a plea are insufficient to justify withdrawal of the defendant's guilty plea as involuntary, where the court has informed the defendant of the correct ramifications. *See, e.g.*, *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (*per curiam*) (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the defendant of the maximum possible sentence). Thus, even if this court assumes that Carlson was inadequately advised by counsel about the consequences of her plea and that he coerced her into pleading guilty, she was properly advised by the court, on more than one

occasion, that she was not required to plead guilty and that if she could not truthfully admit to the criminal conduct that she should not go forward with her plea of guilty. *See Granados*, 168 F.3d at 345 (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the defendant of the maximum possible sentence). Therefore, Carlson is entitled to no evidentiary hearing and no relief on this claim of ineffective assistance of counsel because she is unable to show prejudice. *See Ledezma-Rodriguez*, 423 F.3d at 836 (even if counsel's performance was deficient, the defendant must still prove prejudice).

### b.     *Failure to be issued* **Miranda** *warnings*

Next, Carlson contends that her counsel was ineffective because she was not read her *Miranda* rights. This contention lacks specificity and is indeed too vague to give the court any context or provide any basis whatsoever justifying relief. However, suffice it to say that, had the defendant not been read her *Miranda* rights prior to being subjected to a custodial interrogation, any incriminating evidence obtained thereafter would have been excluded at trial, having been obtained in violation of the Fifth Amendment privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). As Carlson has not provided the court with any details whatsoever, it is impossible for this court to glean whether she is entitled to relief. Accordingly, this contention is **denied**.

### c.     *Failure to advise of right to appeal*

Finally, the defendant argues her counsel was ineffective in failing to inform her of her right to appeal. This contention fails for the same reason her first argument failed. Even supposing that Carlson was inadequately advised by counsel about her right to an appeal, the court cannot find that Carlson was prejudiced. *See Ledezma-Rodriguez*, 423 F.3d at 836 (even if counsel's performance was deficient, the defendant must still prove

prejudice). This is so because it is clear she was informed by the undersigned during her sentencing of her right to appeal and the time limitations associated with her right to appeal. Accordingly, this claim is also **denied**.

## *E. Certificate Of Appealability*

Defendant Carlson must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir.), *cert. denied*, 531 U.S. 908 (2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir.), *cert. denied*, 525 U.S. 1007 (1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998), *cert. denied*, 525 U.S. 1166 (1999); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Carlson's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Carlson's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III.  CONCLUSION

Upon the foregoing, Renee Carlson's *pro se* Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 114) is **denied in its entirety.**

**IT IS SO ORDERED.**

**DATED** this 11th day of September, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA